NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2018[*]
Decided December 13, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 18-1382 & 18-1852

| | |
|---|---|
| ROY A. MITCHELL, JR., *Plaintiff-Appellant*, | Appeals from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 16-cv-352-wmc |
| DAVID MAHONEY, et al., *Defendants-Appellees*. | William M. Conley, *Judge*. |

**O R D E R**

Roy Mitchell, Jr.,[1] sued various Dane County officials under 42 U.S.C. § 1983, alleging that the conditions of her pretrial detention at the county jail violated her due-process rights. The district judge entered summary judgment for the officials in a thorough, well-reasoned order. The judge concluded that Mitchell had not presented sufficient evidence from which a reasonable jury could find that the defendants had actual knowledge of any hazard to her health or that the jail's conditions in fact harmed her. The officials filed a bill of costs, and, over Mitchell's objection, the court taxed costs

---

[*] We have agreed to decide the case without oral argument. FED. R. APP. P. 34(a)(2)(C).

[1] The appellant, a transgender woman, uses her legal name and feminine pronouns in this proceeding, so we do, too.

in their favor. Mitchell separately appealed the two rulings, and we consolidated the appeals for disposition.

In her summary judgment appeal, Mitchell's brief is incomprehensible. We liberally construe pro se filings, but to decide an appeal, we must be able to ascertain a party's argument and the basis for it. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). That is why even pro se plaintiffs must comply with Federal Rule of Appellate Procedure 28, which requires a section of the brief containing "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A); *accord Anderson*, 241 F.3d at 545. Even liberally construing Mitchell's brief, we cannot discern a sufficient argument that the defendants were not entitled to summary judgment. Therefore, we dismiss the appeal. *See Anderson*, 241 F.3d at 545.

Mitchell also filed a second brief arguing that, because she is indigent, the district court erred when it granted costs to the officials. Federal Rule of Civil Procedure 54 creates a strong presumption that a court will award costs to the prevailing party, and our deference to the district court's awarding of costs is "virtually complete." *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001). Although an exception to the presumption exists if the nonmoving party is indigent, the burden was on Mitchell to prove her inability to pay. *Corder v. Lucent Techs. Inc.*, 162 F.3d 924, 929 (7th Cir. 1998). Mitchell did not submit evidence of her inability to pay costs, and therefore she did not meet her burden.

Appeal No. 18-1382 is DISMISSED, and in appeal No. 18-1852, we AFFIRM.